# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDIO FERREIRA DIAS, | : | No. 3:17cv1812 |
|     Plaintiff | : | |
| | : | (Judge Jones)[1] |
|     v. | : | |
| | : | (Magistrate Judge Cohn) |
| ANDREW SAUL, | : | |
| Commissioner of Social Security,[2] | : | |
|     Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Plaintiff Amandio Ferriera Dias' (hereinafter "plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d) as the prevailing party in this social security appeal. Defendant Andrew Saul, Commissioner of Social Security

---

[1] This matter was reassigned to the undersigned following the passing of our colleague, the Honorable James M. Munley, in March of this year.

[2] At the time the case was filed, the Acting Commissioner of Social Security was Nancy A. Berryhill, and thus, plaintiff named her as the defendant. Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. See OFFICIAL SOCIAL SECURITY WEBSITE https://www.ssa.gov/agency/commissioner.html (last accessed March 31, 2020). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, as the new Commissioner of Social Security, Andrew M. Saul is automatically substituted for the original defendant. FED. R. CIV. P. 25(d).

opposes the motion. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act in May of 2014. (Doc. 8, Administrative Record (hereinafter "R.") at 457-58). Plaintiff alleged disability in connection with his lower back conditions, right eye blindness, and hand pain. The Social Security Administration denied plaintiff's application initially, and he requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 450-51).

The ALJ held a hearing in November of 2015 and ultimately found that plaintiff was not disabled under the Social Security Act. (R. at 9-21). Plaintiff sought further review of his claims with the Appeals Council of the Office of Disability Adjudication and Review, which was denied. (R. at 1-4).

Plaintiff then filed the instant appeal of the denial of benefits. (Doc. 1). He sought reversal on the basis that the ALJ's decision was not supported by substantial evidence and contained errors of law. (Doc. 11). The case was assigned to Magistrate Judge Cohn for the issuance of a report and recommendation. Judge Cohn recommended that the appeal be denied. (Doc. 21). Plaintiff then filed objections, which this court sustained. (Doc. 24).

2

Specifically, the court concluded that the ALJ had erred in not taking into consideration relevant evidence, that is, a previous ALJ's conclusion that the plaintiff had a severe left-hand disability.  We remanded the case to the Commissioner for further review.  Plaintiff then filed a motion for attorney's fees, bringing the case to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this matter as it involves the award of attorney's fees in a social security appeal.  See 42 U.S.C. § 1383(c).

**Legal standard**

The issue before the court is whether plaintiff is entitled to attorney's fees pursuant to the EAJA.  The EAJA authorizes the court to award attorney's fees to the prevailing party in a social security appeal, unless the court finds the position of the United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  Here, it is uncontested that plaintiff is the prevailing party.  Thus, the issue is whether the United States' position was substantially justified.

The Supreme Court has defined the term "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565-66 (1988).  The Third Circuit Court of Appeals has explained that "a court cannot assume that the government's position was not substantially justified simply

3

because the government lost on the merits." Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998). Instead, the court must determine whether a reasonable basis in law and fact supported the government's position. Id.

The burden of proving a substantial justification is on the government. Dougherty v. Lehman, 711 F.2d 555, 561 (3d Cir. 1983). The burden is strong and is satisfied when the Commissioner shows: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory [he] propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985). Further, the government must establish a substantial justification on every issue, both during the administrative proceedings and during litigation in the court. Hanover Potato Prod., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993). Not only must the government demonstrate a substantial justification for its position at litigation, but it also must show a substantial justification for the administrative decisions prior to litigation. Morgan, 142 F.3d at 684.

**Discussion**

In the instant case, the government argued that it was not an error for the ALJ to fail to include plaintiff's left-hand impairment in the Residual Functional Capacity ("RFC") calculation and hypothetical question. This hand impairment had been found by a previous ALJ to indeed be a severe impairment. According

4

to the government, it reasonably argued that the ALJ was not bound by the prior ALJ's finding of severe left-hand impairment and that substantial evidence existed in the record to determine that plaintiff's left-hand impairment was not severe.

While the government's position on those issue may in fact appear reasonable, they are not the reason for which the appeal was granted. Indeed, the government's position slightly misconstrues our opinion granting the plaintiff's appeal. We did not find that the current ALJ is bound by the previous ALJ's reasoning, or that the ALJ did not have evidence regarding the severity of plaintiff's left-hand injury. Rather, we indicated that an ALJ must address all relevant evidence. See Burnett v. Comm. of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000) (indicating that an ALJ must consider all evidence before him).

Here, the prior ALJ's decision constituted relevant evidence. See Babyak v. Berryhill, 385 F. Supp. 3d 426 (W.D. Pa. 2019); Krokus v. Colvin, Civ. No. 13-389, 2014 WL 31360, at *1, n.1 (W.D. Pa. Jan. 2, 2014) (nothing that although former findings lack preclusive effect, they still qualify as relevant evidence); Solie v. Astrue, Civ. No. 8-3483, 2010 WL 2898798, at *6 (E.D. Pa. July 22, 2010) (same). Further, the current ALJ indicated that he had knowledge of this prior decision but that he was making a new decision based on "any new evidence that's come into the file and [the plaintiff's] testimony." (Doc. 8-10, R. at

5

375). In short, the ALJ did not address the substance of the 2011 decision that found a severe left-hand impairment. As we discussed in our memorandum granting plaintiff's appeal, this failure of the ALJ to address all of the evidence required remand. See SSR 96-8p (in evaluating the RFC, an ALJ must adequately consider "the limitations and restrictions imposed by *all* of [plaintiff's] impairments"); see also Butler v. Colvin, No, 3:15-CV-1923, 2016 WL 2756268, at *16-17 (M.D. Pa May 12, 2016) ("Particularly in the absence of a finding that Plaintiff's condition had improved, some explanation is warranted as to why a different RFC [from that found by the first ALJ] is supported by substantial evidence.").

    The ALJ must address all relevant evidence and he did not. In arguing that it has met the strong burden of establishing substantial justification in its position, the government sets forth evidence that it claims supported the ALJ's position. We cannot rely on that evidence to determine whether the government's position was substantially justified. It is not substantially justified to argue that the ALJ's decision was supported by substantial evidence when the ALJ failed to address all the relevant evidence. The weakness of the government's position is revealed when it is written in terms of our memorandum granting plaintiff's appeal. In such terms, the government's position would be: "The government is substantially justified in the position that the ALJ need not review all relevant evidence in

making his decision." Such an argument is on its face untenable.  See Burnett, 220 F.3d at 121 (indicating that an ALJ must consider all evidence before him).

Based upon the above reasoning, we find that that the government was not substantially justified in relying on an argument that the ALJ acted appropriately in failing to address the prior ALJ's finding of a severe left-hand impairment.

**Conclusion**

For the reasons stated herein, the plaintiff's motion for attorney's fees will be granted. The government does not challenge the plaintiff's calculation of the fees; therefore, the amount plaintiff requests, $8,353.13, will be granted. An appropriate order follows.

**BY THE COURT:**

Date: April 2, 2020

**s/ John E. Jones III**
**JUDGE JOHN E. JONES III**
**United States District Court**